IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnnie Davis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:20-cv-4120-BHH |
| v. ) | |
| ) | |
| Sheik Jackson; The South Carolina ) | **ORDER** |
| Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Johnnie Davis's ("Plaintiff") complaint filed pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights. On November 15, 2021, Defendants South Carolina Department of Corrections ("SCDC") and Sheik Jackson ("Jackson") filed motions to dismiss, or in the alternative, for summary judgment. (ECF Nos. 27 and 29, respectively.) Plaintiff filed responses to Defendants' motions, and Defendant SCDC filed a reply. (ECF Nos. 31, 32, and 33.) The matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

On February 9, 2022, Magistrate Judge Paige J. Gossett issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant in part Defendants' motions by dismissing Plaintiff's federal claims for failure to exhaust administrative remedies and remanding Plaintiff's state law claims. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 40) in full and specifically incorporates it herein, and the Court grants in part Defendants' motions (ECF Nos. 27 and 29) by dismissing Plaintiff's federal claims for failure to exhaust administrative remedies and remanding Plaintiff's state law claims to the Dorchester County Court of Common Pleas.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 7, 2022
Charleston, South Carolina